**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DAVID TURNER, | ) Case No. CV 14-7409-RGK (JPR) |
| Petitioner, | ) |
| | ) ORDER TO SHOW CAUSE |
| vs. | ) |
| RANDY GROUNDS, Warden, | ) |
| Respondent. | ) |

On September 23, 2014, Petitioner filed a Petition for Writ of Habeas Corpus by a Person in State Custody. The Petition challenges Petitioner's 1997 conviction and 39-years-to-life sentence in Los Angeles County Superior Court for robbery and firearms offenses. (Pet. at 2.) Petitioner raises three claims, all of which he asserts he raised on direct appeal.[1] (Id. at 5-

---

[1] Petitioner has attached to the Petition a pro se "petition for review" raising some additional claims along with the claims in the Petition; it is not clear whether this document was ever actually filed in the California Supreme Court. In any event, because Petitioner clearly lists only three issues in the part of the Petition requiring him to list his claims (Pet. at 5-6), the Court does not consider these additional claims to be properly part of the Petition.

1

6.) Petitioner claims that he raised these issues in a petition for review that was denied on some unknown date (<u>id.</u> at 7), although the Court was unable to locate such a filing on the California Appellate Courts' Case Information website. Petitioner states that he did not file any state habeas petitions. (<u>Id.</u>)

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a petitioner generally has one year from the date his conviction became final to file a federal habeas petition. <u>See</u> 28 U.S.C. § 2244(d). That statute provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

         (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

    (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

    From the information before it the Court is unable to discern exactly when Petitioner's conviction became final, but it was apparently sometime in the late 1990s. Using the state court of appeal number on Petitioner's attached "petition for review," the Court has confirmed through the state Appellate Courts' Case Information website that his direct appeal was denied by the court of appeal on October 27, 1998. If he did not file a petition for review, his convictions became final 40 days later, see Waldrip v. Hall, 548 F.3d 729, 735 (9th Cir. 2008); if he did, they presumably became final sometime around the turn of the century. Thus, absent some kind of tolling or a later trigger date, Petitioner had until the early 2000s to file his federal Petition. He did not file it until late 2014, seemingly a decade and a half late.

    In certain circumstances, a habeas petitioner may be entitled to equitable tolling. See Holland v. Florida, 560 U.S. 631, 645 (2010). But he must show that (1) he has been pursuing his rights diligently and (2) "some extraordinary circumstance stood in his way." See Pace v. DiGuglielmo, 544 U.S. 408, 418

1 (2005).[2]

2 Apparently recognizing that his Petition on its face is untimely, Petitioner has offered the following explanation for why it was not filed earlier: "Due to being housed in Administrative Segregation (SHU) and not being able to have immediate access to the law library I was unable to meet AEDPA deadline." (Pet. at 3.)

These conclusory assertions, without specific details or evidentiary support, cannot warrant equitable tolling sufficient to render the Petition timely, particularly given the lengthy period of delay at issue in this case. See Williams v. Dexter, 649 F. Supp. 2d 1055, 1061-62 (C.D. Cal. 2009) (conclusory assertions of limited law library access unsupported by competent evidence inadequate to state basis for equitable tolling); Hernandez v. Neven, No. 2:13-cv-01459-APG-NJK, 2014 WL 3105212, at *4 (D. Nev. July 7, 2014) ("Nor does petitioner's conclusory assertion that he was in solitary confinement for some unspecified period of time, and under unspecified conditions as to court and legal resource access, establish a basis for equitable tolling for a decade . . . .").

A district court has the authority to raise the statute-of-limitations issue sua sponte when untimeliness is obvious on the face of a petition; it may summarily dismiss the petition on that ground pursuant to Rule 4 of the Rules Governing § 2254 Cases in

---

[2]Apparently neither statutory tolling nor a later trigger date can apply here, because Petitioner acknowledges that he did not file any state habeas petitions and because he apparently raised the Petition's three claims on direct appeal.

the U.S. District Courts, as long as the court gives petitioner adequate notice and an opportunity to respond. <u>Herbst v. Cook</u>, 260 F.3d 1039, 1042-43 (9th Cir. 2001).

IT THEREFORE IS ORDERED that on or before **October 29, 2014**, Petitioner show cause in writing, if he has any, why the Court should not dismiss this action because it is untimely for the reasons stated above. If Petitioner seeks to rely on the equitable tolling doctrine, he must provide detailed factual allegations and evidentiary support, at least through his own sworn declaration, that his placement in SHU and lack of access to the law library completely prevented him from filing his federal Petition at any time between when the AEDPA statute of limitations expired and September 2014. Further, Petitioner is advised that his failure to timely and sufficiently comply with this Order may result in his Petition being dismissed for the reasons stated herein and for failure to prosecute.

DATED: September 30, 2014

_____
JEAN ROSENBLUTH
U.S. MAGISTRATE JUDGE